AMERICAN BELL TEL. CO. *v.* WALLACE ELECTRIC TEL. CO.

*(Circuit Court, S. D. New York.* February 4, 1889.)

1. PATENTS FOR INVENTIONS—VALIDITY—STARE DECISIS.
    Former decisions of the circuit and supreme courts upon the validity and construction of the Bell telephone patents are to be followed in cases involving them in which there is no new evidence.

2. SAME—ANTICIPATION.
    The Bell patents being for a process as well as an apparatus, they would not be invalid because the apparatus used in developing the process was previously known, and therefore the House patent of 1868 does not render them invalid.

3. SAME—EVIDENCE—ADMISSIBILITY.
    The Bonta patent of 1887 having been introduced for the purpose of showing that articulate speech can be transmitted on the make and break principle, ought not to be considered, in the absence of expert testimony that the apparatus is operative upon that principle.

In Equity.

Bill by the American Bell Telephone Company against the Wallace Electric Telephone Company, for the infringement of complainant's patents.

*E. N. Dickerson* and *James J. Storson,* for complainant.

*James A. Whitney,* for defendant.

WALLACE, J.    In directing a decree for the complainant in this cause it seems sufficient to state that the examination of the record, which has been made to ascertain whether the case now presented is distinguishable in essentials from the cases which have already been decided in this court and by the supreme court, does not disclose anything materially new.    No useful purpose would be served by an extended discussion of the questions of law and fact which have been so exhaustively treated in the argument and brief of counsel for defendant, because nothing of interest can be added to what has already been said in the previous opinions of the courts.    The construction which has been placed upon the Bell patent by the courts is, of course, to obtain now, unless it ought to be modified because something new in the state of the prior art has been shown.    It would be strange if anything new, of value, could be shown after the thorough exploration and exposition of the subject made by the most competent experts and counsel in the efforts to defeat the patent, and escape the charge of infringement in former litigations.    In the *Molecular Case,*[1] which was decided by this court, the defense was prepared with great care, and argued with the best ability; the record in other cases was introduced, including the testimony of the experts who testify for the defendant in the present case; and no point of attack or defense was neglected by the defendant.    There is nothing in the present record bearing upon the nature of Bell's invention, the meaning of the claims of his patent, or what constitutes infringing apparatus, of any real im-

[1] 32 Fed. Rep. 214.

portance, which was not considered in that case. The House patent of 1868 was not brought forward in that case at the hearing, but may be disposed of by quoting a single remark in the opinion of the supreme court in regard to the Reis apparatus:[1] "His [Bell's] patent would be quite as good if he had used that apparatus in developing the process for which it was granted." The Bonta patent of 1887, which seems to have been introduced for the purpose of showing that articulate speech can be transmitted by a make and break current, ought not to be considered, in the absence of any expert testimony to show that the apparatus is operative or operates upon the make and break principle. So far as the case involves the charge that Bell by surreptitious changes in his application after it was filed in the patent-office pirated the invention of Mr. Gray, the charge has been considered by the supreme court[2] upon substantially the same evidence, and pronounced to be unfounded, although the issue was not presented by the pleadings. At the present hearing, after listening to the very ingenious and elaborate argument of the defendant's counsel, in which nothing was omitted that could assist his cause, the theory of fraud seemed to be so utterly unwarranted by the facts that argument in reply was deemed superfluous. The usual decree for an injunction, and for an accounting based on the infringement of claim 5 of patent No. 174,465, and of claims 3, 5, 6, and 7, of patent No. 186,787, is ordered.

---

[1] Dolbear v. Telephone Co., 8 Sup. Ct. Rep. 778, 785.            [2] Id. 778.